IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

STACY LYNN SMITH §

v. § CIVIL ACTION NO. 6:12cv192

DIRECTOR, TDCJ-CID §

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Stacy Smith, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his continued confinement. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Smith complained that the Texas Board of Pardons and Paroles violated state law during his parole review process. Specifically, he states that under Texas law, the Board "shall develop and implement standard parole guidelines that shall be the basis criteria on which parole decisions are made." He adds that these guidelines are supposed to be developed based on acceptable research methods and be based on the seriousness of the offense and the likelihood of a successful parole outcome. In his case, however, Smith says that a decision was made to deny him parole which was not premised on any implemented parole guidelines.

Smith also complains that he was denied due process because he was not given specific notice of the reasons for the denial of parole. He says that he was given reasons numbered as "1D" and "2D" which were composed of multiple components, but these reasons were global and did not provide him notice of the specific reason for the denial of parole so that he could adequately

defend against and oppose the Board's decision; he argues that "the conclusory components relied on by the Board were unsupported by the evidence."

The Magistrate Judge ordered the Respondent to answer the petition. In his answer, the Respondent argued that Smith has no constitutionally protected liberty interest in parole and so his claims lack merit. Smith filed a response to the answer arguing that the denial without written order of his state habeas petition was done by a single judge without evidence of a quorum and so was not an "adjudication on the merits" which is entitled to deference under 28 U.S.C. §2254(d). Smith also contended that the Texas parole law has been amended since the cases cited by the Respondent were decided and so these cases have no impact on his claims. Smith contended that the use of the word "shall" in the statute invokes a liberty interest because compliance is mandatory, giving him a liberty interest in having his parole decision made under the properly developed guidelines. He argues that the failure to do so denied him due process because he had a legitimate expectancy in being reviewed and having a decision reached on the criteria to be set out in the guidelines.

After review of the pleadings, the Magistrate Judge issued a Report on August 27, 2012, recommending that the petition be dismissed. The Magistrate Judge first noted that the Fifth Circuit has held that because there is no liberty interest in parole under Texas law, Texas inmates cannot mount challenges against state parole review procedures on procedural or substantive due process grounds. Chapa v. Owens, 456 Fed.Appx. 501, 2012 WL 28297 (5th Cir., January 5, 2012), *citing* Johnson v. Rodriguez, 110 F.3d 299, 308 (5th Cir. 1997).

Next, the Magistrate Judge rejected Smith's claim that the use of the word "shall" conveyed a protected liberty interest, stating that this methodology had been disapproved by the Supreme Court in Sandin v. Conner, 115 S.Ct. 2293, 2298-2300 (1995) (noting that "the search for a negative implication from mandatory language in prisoner regulations has strayed from the real concerns undergirding the liberty protected by the Due Process Clause.") Thus, the Magistrate Judge

said, Smith's claim that the use of the word "shall" in the Parole Board's regulation gave rise to a liberty interest is without merit.

Even if Smith did have some kind of liberty interest in having the Board develop criteria, however, the Magistrate Judge went on to state that Smith had nonetheless failed to set out a claim for relief because any such claim would be based upon procedural or substantive due process grounds and thus foreclosed by the lack of a protected interest in release on parole. Neither the requirement that guidelines be developed nor the failure to do so could convey a liberty interest in release on parole, and Smith must show the existence of such an interest before he can mount a challenge to parole review procedures. The Magistrate Judge stated that "the relevant liberty interest is an interest in release on parole, and Texas does not provide such an interest, despite Smith's contention that he has a 'liberty interest' in 'having a decision made under the properly developed parole guidelines.'"

Finally, the Magistrate Judge rejected Smith's contention that the denial of his state habeas petition without written order was not a decision on the merits, because Texas law specifically provides that a "denial" of habeas relief (as opposed to the "dismissal" of a habeas application) is a decision on the merits. Ex Parte Torres, 943 S.W.2d 469, 474 (Tex.Crim.App. 1997). This is true even of a denial without written order. Ex Parte Santana, 227 S.W.3d 700, 704 (Tex.Crim.App. 2007).

Smith filed objections to the Magistrate Judge's Report on September 12, 2012. In his objections, Smith complains first that the Magistrate Judge did not address his claim that he was not given specific notice of the reasons for the denial of his parole. However, Smith's challenge to the Board's decision on this basis, or its procedures in notifying him of its decision, is a challenge based on procedural or substantive due process grounds, and thus is foreclosed by Smith's lack of a liberty interest in parole. This objection is without merit.

Next, Smith argues that Texas and federal law provide that the word "shall" mandates compliance with the statute in which it is used, and thus creates a protected liberty interest. He cites a number of cases, all of which pre-date the Supreme Court's decision in Sandin.

Although Smith acknowledges Sandin, he says that if Congress or a state legislature do not have to comply with the mandatory provisions of a statute, then why have mandatory language at all. This misses the mark. As the Supreme Court explained, the States may under certain circumstances create liberty interests which are protected by the Due Process Clause; these interests are generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless impose atypical and significant hardship upon the inmate in relation to the ordinary incidents of prison life. Sandin, 115 S.Ct. at 2300. In this case, the denial of parole does not exceed Smith's sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, and does not impose an atypical or significant hardship upon Smith *in relation to the ordinary incidents of prison life*. The denial of parole, a status in which no liberty interest exists, is not an atypical or significant hardship in relation to the ordinary incidents of prison life. Stewart v. Director, TDCJ, civil action no. 6:08cv218, 2008 WL 2704883 (E.D.Tex., July 7. 2008), *aff'd by denial of certificate of appealability,* slip op. no. 08-40749 (5th Cir., April 29, 2009).

Finally, Smith says that the holding that prisoners cannot mount procedural and substantive due process challenges to the denial of parole is "an absurd holding in face of life and liberty that has been clearly defined and set by law." He states that he is seeking to protect his right to have a parole decision based on the mandatory parole guidelines which were mandated by the Texas legislature, but that the Board's decision was not based on these guidelines as required by law. He argues that Section 501.144[1] of the Texas Government Code "provides an expectation to release, but in fact it provides no such thing; instead, the statute requires the Board to develop and implement

---

[1] Although Smith cites Article 501.144, this appears to be a typographical error; the correct statute is Article 508.144 of the Texas Government Code.

parole guidelines, saying nothing about whether inmates have any greater or lessened expectancy of release under any such guidelines. State and federal courts have agreed that Texas prisoners have no liberty interest in release on parole, and the statute cited by Smith does not alter this fact.

Smith's argument fundamentally is that he has a liberty interest in having his parole decision made under the criteria developed by the Board pursuant to Article 508.144 of the Texas Government Code. However, the relevant interest for purposes of his claim is that he does not have a constitutionally protected liberty interest in release on parole. As a result, as the Fifth Circuit has explained, he cannot mount a challenge against any state parole review procedure on procedural or substantive due process grounds. Johnson, 110 F.3d at 308. This includes a challenge based on an alleged failure to develop parole guidelines as well as an alleged failure to provide specific rather than global reasons for the denial of parole. Smith's objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, together with the Report of the Magistrate Judge and the Petitioner's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct. It is accordingly

ORDERED that the Petitioner's objections are OVERRULED and the Report of the Magistrate Judge (docket no. 14) is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Petitioner Stacy Smith is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

**It is SO ORDERED.**

**SIGNED this 16th day of October, 2012.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE